IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHRISTOPHER L. SEARS, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| | : | |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | JURY DEMAND |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff, CHRISTOPHER L. SEARS, by and through counsel, and files this Complaint against Defendant, CSX TRANSPORTATION, INC., and for his cause of action, says:

1. This cause of action arises under the Federal Employers' Liability Act (hereinafter "FELA"), 45 U.S.C. §§ 51-60, as amended.

2. Plaintiff, Christopher L. Sears (hereinafter "Sears"), is an adult person, *sui juris*, and is a resident of the Commonwealth of Kentucky.

3. The Defendant, CSX Transportation, Inc. ("CSX" or "Defendant"), is a Virginia corporation, having railroad lines, tracks, engines, and railroad cars which it maintains and operates within the jurisdiction of this Court, and CSX is authorized to do business in the State of Tennessee.

4. At all relevant times, CSX was doing substantial business within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation, and at all relevant times, CSX regularly and systematically conducted its business activities and affairs within the State of Tennessee, and in particular the City of Kingsport and the County of Sullivan.

5. Pursuant to the FELA, CSX has a non-delegable duty to provide its employees, including Plaintiff, with a reasonably safe place to work. Notwithstanding said duty, by and through its agents, servants, officers and employees, acting within the scope of their employment, CSX negligently and carelessly breached its non-delegable duty to provide Sears with a reasonably safe place to work as set forth in more detail hereinbelow.

6. The incident and Plaintiff's resulting injuries, as more fully described herein, give rise to a cause of action within the subject matter jurisdiction of the FELA.

7. Plaintiff's duties as a yardmaster for Defendant were in furtherance of interstate commerce, and Plaintiff's work directly, closely and substantially affected the interstate commerce carried on by Defendant. This Court has jurisdiction over the controversy and venue is proper in this Court.

8. On or about December 3, 2022, Plaintiff was working as a yardmaster for CSX in its Kingsport Yard in Kingsport, Tennessee. While working in the course and scope of his employment with the railroad, Plaintiff was severely injured when dismounting a locomotive used to build a train and the unsafe and unstable ballast gave way and rolled, causing his left ankle to twist as he lost his balance and fell forward.

9. CSX had notice and knowledge of the dangerous condition of the ballast in the yard that caused Plaintiff to be injured; in the alternative, it should have known of said dangerous condition of the ballast in that yard.

10. The incident and resulting injuries to Sears were caused by the fault, neglect, and/or negligent and wrongful acts and failure to exercise ordinary care of CSX in the following non-exclusive particulars: failure to provide a reasonably safe place to work; failure to remedy an unsafe condition despite both actual and constructive notice; failure to warn Sears of unsafe and

dangerous conditions which CSX knew or should have known about; failure to protect Sears from unreasonable risks of which it had superior knowledge; failure to provide safe and suitable walking conditions and footing; failure to properly inspect and maintain walking and working surfaces; failure to properly inspect work locations for hazards and unsafe conditions on a frequent and reasonable basis; failure to use safe practices and procedures for maintaining walking and working surfaces in the vicinity where Plaintiff was injured; failure to promulgate and enforce rules, regulations, policies and/or procedures for the safe conduct of its work; failure to ensure that properly sized ballast and/or securely tamped ballast was used in the area where the subject incident occurred; failure to take ordinary and/or reasonable precautions to Sears from foreseeable dangers; was negligent through the acts of its employees, agents, officers, supervisory personnel and/or others; and other acts of negligence to be shown at the trial of this matter.

11. Defendant knew or, in the exercise of reasonable care, should have known that such negligence and violations of law above posed an unreasonable risk of injury to Plaintiff and such negligence did cause, in whole or in part, the injuries and damages of which Plaintiff complains.

12. At all times pertinent, it was feasible for Defendant to remedy the negligence and statutory violations described in this Complaint.

13. The Defendant is responsible for all of the Plaintiff's damages caused in whole or in part by its statutory negligence. The Plaintiff's rights against Defendant are guaranteed under federal substantive law that is binding on this Court and may not be altered by state law or procedure. Accordingly, the Plaintiff demands judgment against Defendant for his entire damages, without apportionment, offset or reduction.

14. As a result of the Defendant's negligence and statutory and regulatory violations as described above, Sears sustained serious and painful injuries to his left ankle, right ankle, lower back,

right shoulder, and left knee; he has suffered physical pain, and will continue to suffer physical pain in the future; he has incurred substantial expenses for doctors and related medical care, and in the future is expected to continue to incur such expenses in an effort to be cured and healed; he has missed time and lost earnings from his employment, and in the future he will continue to lose time, income and earning capacity as well as other benefits from his employment; and he has been unable to perform the usual personal affairs of a person of his age and position in life, and in the future, he will continue to be unable to perform such affairs.

WHEREFORE, the Plaintiff, Christopher L. Sears, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the Defendant in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00), together with all other costs allowed by law to be charged against the railroad, and for such other relief as deemed appropriate and permitted by law.

<div style="text-align: right;">
CHRISTOPHER L. SEARS

By: /s/ Amy L. Stone
Of Counsel
</div>

Amy L. Stone, Esq.
(VA Bar# 80327, NC Bar# 29624)
The Moody Law Firm, Inc.
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 393-4093 (phone)
(757) 397-7257 (fax)
AStone@MoodyRRLaw.com
Counsel for Plaintiff